On behalf of the appellant, Ms. Josette Skelman, and on behalf of the people, Mr. Barry Jacobs. All sides ready to proceed? And you may proceed when you're ready. Good afternoon, your honors. May it please the court, my name is Josette Skelman. I'm here this afternoon on behalf of Heather Rimkavich. Heather was convicted of aggravated driving under the influence and was sentenced to conditional discharge. I did raise two issues in my brief. However, for purposes of today, I would like to focus on the first issue, which I am suspecting is the issue this court is most interested in. But if you have any questions about the second issue, I would be happy to answer them. With respect to the first issue relating to ineffective assistance of trial counsel, this is a case where 18-year-old Heather Rimkavich was charged in a one-count indictment with a class 4 felony of aggravated DUI based on the allegation that she drove a vehicle upon a highway in this state while under the influence of alcohol. And the aggravating factor was, and while she did not possess a driver's license permit, restricted driver's permit, or judicial driver's permit. Prior to the conviction in this case, Heather's trial attorney filed a motion to quash arrest. And her theory was that the defendant was illegally seized when a Belvedere police officer walked up to the vehicle where the defendant was sitting in the driver's seat and knocked on the window. And at that point, Heather rolled the window down, the officer detected the odor of alcohol, and things progressed from there. After this motion to quash was denied, and in fact, there was a motion to reconsider the denial, which was also denied, it was trial counsel's intention to preserve this issue for review through the process of a stipulated bench trial. And that's where things begin to go awry. Very awry, Your Honor. Yes. Counsel did not actually enter into a stipulated bench trial. Was that because not only was it stipulating the evidence, but she stipulated that the finding of guilt would ensue? Stipulated, right. Stipulated that there should be a finding of guilty, and then actually let her client go on and enter a plea of guilty. Now, ironically, the issue she was trying to preserve and intending to preserve turns out was not a meritorious issue. I'm sure that counsel believed that it was a meritorious issue and that it would have prevailed on appeal had she followed the proper procedure and that all the evidence from the time of the knocking on the window would have been suppressed and there would have been no evidence. However, this is actually the scenario that happened here is an example that was actually given in people v. Ludeman as an example of a consensual encounter. There was no coercion at the time the officer approached. Had this been presented properly as a stipulated bench trial and there had been no admissions of guilt or stipulations defining the guilt, if I had gotten this case on appeal as a proper stipulated bench trial, I would probably be here today arguing that the evidence, well, two things. One, that the evidence was not sufficient to find the defendant guilty beyond a reasonable doubt. And two, that defense counsel was ineffective for other things that she failed to do, which included stipulating to inadmissible hearsay and not challenging her client's statements on other grounds. I think there are questions even from what we have here and even in view of the fact that this was effectively a guilty plea, there are questions about the quality of the state's evidence here. First of all, there are questions about whether Heather ever drove the vehicle at all that night because even in the evidence we do have in the record, she adamantly denies ever driving. The evidence we have of her driving is from hearsay statements of her companion, Stephen. There's evidence even if there's some evidence that she was driving through Stephen. There's really not a lot of evidence in here that she, or any as far as I could tell, that she drove while she was impaired because even Stephen's hearsay statements, according to him, they didn't start drinking until they were seated at the spot where the officer stopped. So there's no indication that we have in this record of any driving at a time when she was impaired. Ms. Gomez-Perry, that's the question. Apparently you're acknowledging that the suppressive motion the counsel did file had no basis of succeeding, is that what you're saying? Correct. And the plea then transmitted into a guilty plea. So are you attacking then the fact that given the way this thing unfolded, then the client lost the ability to appeal the guilty plea or what's the... I think here, well, the state is arguing that the prejudice is that, or that she is in prejudice because the judge properly admonished her. Actually, the judge did not properly admonish her post-guilty plea. But our concern is not so much that she lost the ability to challenge her guilty plea, but because of the way this proceeding went forward, her attorney unwittingly forfeited her ability to ever challenge any aspect of her conviction, which certainly wasn't her intention. If you look at, and I think I said in the brief, if you look at her notice of appeal, she's trying to appeal from a suppression hearing and is, I imagine, expecting that all of the evidence against the client would fall. It's not really, I know this effectively is a plea, and it's not really an issue of waiver because waiver is a limitation on us. Obviously, she didn't file a post-plea motion because she didn't intend, and actually, even the trial judge didn't understand this to be a plea because he actually had... There was going to be some confusion. There was a lot of confusion, right, right. The judge's admonishments actually at the end of this proceeding were almost like a combination of every single 605, Rule 605 admonition. You have to do a motion to reconsider. You have to do a motion to vacate. I could vacate the judgment. We could reinstate charges. Certainly, if the trial attorney and the trial judge didn't really understand the nature of the proceedings or the consequences attendant to that proceeding, we can't expect that this 18-year-old girl would know that by proceeding in the way she did, she was forfeiting any challenge to her conviction. She ended up, in essence, then, it appears to be, she basically ended up negotiating a guilty plea. Correct. Unbeknownst to her, correct? Unwittingly, perhaps. Correct, yes. The trial judge is in favor to admonish her properly as to the consequences of entering a negotiated guilty plea. Is that part of what you're saying, or are you saying he covered the gamut of all potential? Correct. I think the prejudice here, the state is focusing on the judge's rule 402 admonishments prior to the completion of the proceeding. The judge admonished her in accordance with rule 402, but certainly he never told her and her trial attorney never told her that because of what you're doing here, you're forfeiting any challenge to your conviction. To the motion or anything. Correct. And that's not, we're not putting the onus on the trial judge here for not doing that. We're saying that this plea was not voluntarily and knowingly entered because it wasn't entered with the assistance of competent counsel. What it boils down to is, was trial counsel's performance deficient and was she prejudiced? Well, it certainly was deficient because this attorney, even just by virtue of stipulating to the finding of a guilty finding, that that was ineffective because that itself transmuted it into a guilty plea. And then to let her client actually go and enter judicial admission was a second deficient performance. And the prejudice lies not in her ability to challenge her plea, but in her ability to challenge any aspect of the conviction. I think what we have here is certainly sufficient, despite the absence of a post plea motion, to make a ruling that essentially based on plain error. And that's something that happened in the case of People v. Davis, which I cited. And there was another fifth district case in my initial brief, I can't recall the name offhand. But basically, this court has the authority. As long as this court has a notice of appeal that's filed within 30 days, it's not a jurisdictional problem. William M makes it clear that the issue of not filing a post plea motion once there's effectively a guilty plea is really that the parties might waive the opportunity to challenge what happened. But this court can still consider errors that are apparent as plain error. And in fact, in People v. Davis, in that case, the issue that the court granted the defendant relief on was not only not raised in the trial court, but it was never raised by any of the parties. It was raised by the court on its own motion. And the court did say in there, the doctrine of plain error is applied to remedy errors so plain and prejudicial that failure to object to them is not a waiver for purposes of appeal. We're saying the plain error here essentially is trial counsel's ineffectiveness because trial counsel never intended to waive her client's right to challenge the conviction, never intended to allow her to forfeit any challenge. Because that was the whole purpose of entering into a stipulated bench trial. Correct. If it was a plea, they wouldn't have gone through the machinations of trying to package it into a stipulated bench trial. Right. And this defendant clearly, the trial attorney didn't know what the consequences were, the trial judge didn't know, and certainly no one explained to the defendant what the consequences of this were, which we are attributing to ineffective assistance of counsel because the trial judge doesn't necessarily have an obligation to tell the defendant all the consequences. The judge did comply with Rule 402, but trial counsel did not competently represent her client. This court recognized in People v. Gonzales that stipulated bench trials are tricky creatures. Actually, I don't really understand why it's that difficult to simply say we're stipulating to the evidence and leave it at that. But this court has recognized that there are a lot of circumstances where people do not properly preserve their client's rights through the mechanism of a stipulated bench trial. It's a good topic for a bar seminar. Could be. We still find a lot of problems even with guilty pleas, and that's been around for 20 years. So specifically, what remedy are you asking for? We're asking basically that you find that this plea was not knowing and voluntary. It was a de facto plea. It was not knowing and voluntary because it was not entered with the assistance of competent counsel. And because of that, we've been basically asked to send it back and start from square one. Looking through this record, this was a very triable case. There were a lot of issues in here as to whether she was driving or whether she was impaired. And I still have questions about exactly what the status of her license was. So your position would be that we vacate the finding of guilty and the conviction, remand it to proceedings such that we would also reinstate her right to a jury trial because it was a waiver of trial by jury, and put it basically right after the denial of the motion of reconsider, the motion of quash. Correct. Correct. That's what we're asking. You said didn't your client acknowledge that her license was quote-unquote invalidated? The officer on the DVD is seeing reporting to the second officer that she said her license was invalidated. She at one point said, of course she wouldn't drive because her license was suspended. Invalidated sounds less sinister than driving at a remote, doesn't it? The funny thing is there was never any abstract offered here, and let's assume maybe for whatever reason. I mean, I suppose a young person could have a suspended license for not paying a fine. I mean, we don't even know if she had a suspended license, and all we have is her statement, what the reason for it was. But even assuming you can consider her statement, although it's not corroborated by anything, there's still in it. To prove this at a trial is not enough even to prove that she didn't have a license. The statute requires that they prove she not have a license, a permit, a restricted driver's permit, and a judicial driver's permit. We just don't know what the status of her license was. And certainly there were a lot of factual issues that could have been tried that were eliminated because of the way this procedure went forth. Since invalidated as an entity is not something that we recognize in the parlance of license problems, do you have to have an abstract to show or to support that, or what can they do? Well, I think you have to, the state at least has to show that element is present, and that aggravating element is not only that she not have a license, but that she not have any of these other things. So I don't think her saying, I don't have a license or I'm suspended, would be enough to prove the absence of those other things. I mean, they could have even stipulated that her abstract shows A, B, and C. But another odd thing in this record is in the record there's an indication that she identified herself to the officer with a driver's license. So, I mean, there's so many factual questions that exist in this case that you have to wonder if this case were taken to trial, if the attorney had followed the proper procedures, whether the state even could have met its burden of proof. The position on the driver's license is it's an element of the offense. The state must prove that element of the offense beyond a reasonable doubt. How they choose to do it is beyond the prerogative of this decision. Correct, correct. Correct, yes. But they, yeah, at least on this record, and again, as I said, if this were a stipulated bench trial, as happened in Gonzalez, Gonzalez actually was a stipulated bench trial, and in that case the defense was arguing based on what was stipulated to that the proof was not sufficient to establish the defendant's guilt beyond a reasonable doubt. So had there not been this de facto plea and the stipulation to finding him guilty, as I said, I'd be here today saying what we have in the record here wasn't sufficient to prove her guilt. So we would ask your honors, as you indicated, we would ask that this de facto plea be vacated and that it be sent back to proceed anew. Thank you. Thank you very much. Good afternoon. I'm Barry Jacobs on behalf of the, I believe, the people of the state of Illinois. May it please the court and counsel. Your honors, I agree with much of what Ms. Skelnick has said. In this case, the contention is that the plea, the de facto plea in the first issue, was not going involuntarily because of a manifest injustice. The defendant or appellate counsel points to the fact that defense counsel, I can't recall the exact term she used, unwittingly, I think was the term used, unwittingly agreed to a stipulated finding of guilt that would enter and thereby forfeited any review of or any claim of error regarding the underlying conviction. We know from the record that this counsel did seek to preserve the issue of this defendant's arrest and filed an appropriate motion to quash that arrest. That in and of itself shows that she did subject the state's case to adversarial testing. At this point, it's unclear from the record, or it's unclear to me from the record, what she actually intended to accomplish. It appears that she believed that if she was able to get rid of the arrest, the underlying arrest, that would eliminate, of course, any tainted evidence that flowed from that arrest. So that does sound to be a matter of sound strategy. However, in this case, we know based on the Ludman case that that was a meritless effort. The defendant is now arguing that the circumstances of the case, even aside from the court's clear admonishments, I'm not talking about the appellate admonishments, but the admonishments regarding the rights that she was giving up, the defendant is now saying that even though she agreed and she understood the admonishments about a plea of guilty and said she understood those admonishments because this was kind of a mixed admonishment given, as we all have to acknowledge. What was she acknowledging, her rights as she proceeds to a bench trial or her rights as she's entering a plea of guilty? It appears she was acknowledging her rights as she entered a plea of guilty, that she was waiving the right to confront witnesses. The court did admonish as to all of those things. Well, what's the point, then, of having a stipulated bench trial? The point from counsel's perspective was to preserve that one issue. Well, the client's going to believe that by entering into this stipulated, quote-unquote, bench trial, however erroneously, there's a point to it, there's a tangible benefit to her that deserves her motion to suppress. So if she finds out later that what counsel told her to do didn't accomplish that, isn't there a problem with the plea? There is a problem with her understanding of the plea, whether it rises to the level that she entered it unknowingly and involuntarily. If she thinks she's entering a plea of not guilty and proceeding to trial, that is markedly different than entering a plea of guilty. I agree. I mean, how can we substitute one for the other? I'm merely saying that the record shows that she did understand her rights and waived them when the court admonished her, albeit incorrectly. Right, but if she thinks she's going to a bench trial and it's going to be by stipulation, and the judge says that means you don't get to question witnesses, and she's like, aha, that's great, because my lawyer said we're going to stipulate. How is that an indication that this would then become a knowing involuntarily entered plea? I guess I'm having a difficult time understanding the real difference between a stipulated guilty plea or a stipulated bench trial and a guilty plea, other than. A plea of not guilty. That's the difference. I don't understand the problem there. Yeah, that is the problem. The problem, I mean, as this Court acknowledged in Gonzales, a stipulated bench trial is basically a guilty plea. It is a guilty plea. It's a rule of convenience. It's a method of criticizing Gonzales, but it's a rule of convenience. But the result and the impact is totally different. If you plead guilty, you waive your right to complain about all issues, all erroneous rulings. You don't if it's a stipulated bench trial, correct? Correct. All the erroneous rulings, yes. Let me ask you this. Wasn't the other problem, to be very candid and blunt, wasn't this whole issue compounded by the trial court in some manner in the sense that in a period in looking at the record, at times he started out saying it's a plea, then he caught himself going back and forth. There were times that it appeared even the trial judge was a little bit confused about what was going on here. It didn't appear the trial judge sought to accommodate what this counsel was putting forth. So wasn't that compounded? Because now he says keep using the magic word stipulated bench trial, which implies to the lawyer and the defendant that this is what this is. He actually attempted to admonish the defendant about her appellate rights consistent with a plea of guilty. And at that point asked the defendant, do you have a plea of guilty form in front of you? And at that point, counsel piped up and said, this is stipulated. And then the trial judge said, yeah, that's right. Thereafter, he proceeded as a stipulated bench trial. Wouldn't that further confuse the defendant? It certainly impacts her ability to, of course, perfect her appeal. Yes. And make her understanding of what she was doing? And her understanding, yes. I don't disagree. OK. Well, what would you like us to do? Maybe that's, we know what Ms. Gellick wants. What do you think we should do in this case? I believe in my brief. Sometimes you don't want to, you don't stay on that point. But I want to make sure that that's the same one. I want to make sure I know what to ask for in that as well. Thank you. In the brief, and I will stay on that point, I do believe that although there were problems with the entry of this de facto guilty plea, the defendant has failed to show that she was prejudiced under the second prong of Strickland. Therefore, I ask in the brief and would reiterate that this court deny this first claim. So basically, even though there was some obvious confusion over what she was doing and what the legal effect of what she was doing, you're saying, well, no harm, no foul, because she wasn't prejudiced anyway. As I make out in the brief, the stipulated evidence was sufficient to convict her of this crime. There are now questions, of course, and when you look at this post, in retrospect, it does appear why wasn't there a certified abstract of her drug and pillages? I would submit, the state would submit, that her statement that she was suspended on the DVD, and I believe to Officer Washburn after she was separated from her companion, that her license was suspended, therefore she was not driving. And then we have the statement on the DVD from Officer Washburn to Officer Derry, I believe, saying her license has been invalidated. I make reference in the brief to part of the record which indicates that she did have a driver's license at some point. She had a driver's license number. That's not dispositive of the issue of whether or not she had the right to drive at that on February 8, 2008, or the date of this offense. And the fact that she later was qualified as a first offender for purposes of summary suspension later in 2009, that doesn't impact the evidence that was presented by stipulation that she was suspended by her own admission. Do you think counsel was ineffective for not attempting to, or for stipulating to the hearsay statements of Stephen the only evidence that puts her behind the wheel of the car at the time that she's impaired? Wouldn't that be some prejudice? Again, this is all in retrospect. We can examine this differently. I think the counsel's effectiveness and strategy, we examine it differently now than at the time. I can imagine at least one scenario that perhaps Stephen would not have testified on her behalf. We simply don't know if that would have been. You mean he wouldn't have testified on behalf of the state? Well, in favor of the defendant. Well, Stephen might have testified on behalf of the state, but the defendant would have testified that she didn't drive. So there would be a credibility issue, if nothing else, that a judge would have to determine. And that credibility could have been decided in her favor. Perhaps. Perhaps. We're talking about a reasonable probability that the outcome would be different. Not necessarily on the first issue that they were attempting to preserve, but possibly on other issues that they hadn't gotten to yet. In hindsight, of course, it does appear suspicious, but as I indicated, this appears to have been a matter of trial strategy on the part of counsel. And the timing of, although hearsay statements from Stephen that came in, the timing of this incident where an unidentified caller had put the car in that location for approximately one half hour, Stephen made statements that they had been drinking for an hour and a half. The defendant herself said that they had been drinking outside the vehicle on another street and had driven over, although she said that Stephen had driven over. By stipulating to Stephen's hearsay statements, you know, of course, it appears to be prejudice now. But there could have been a sound trial strategy, that being that perhaps the defendant and Stephen, as I said, didn't get on anymore. That Stephen would have testified for the state. Thank you. Thank you very much for your argument. Do you wish to reply? No. I think the arguments here today actually demonstrate this court's concerns in Gonzales that stipulated bench trials are tricky creatures. I don't think still that a lot of trial attorneys or trial courts really understand the proceeding and what it means and what the difference is between stipulating to the evidence and actually transmuting the proceedings into a guilty plea. The one thing I would just like to point out on the admonishments, the Rule 402 admonishments really would not lead this defendant to believe that she was forfeiting the right to challenge her conviction. Because even if it were truly a stipulated bench trial, she's told what the nature of the charges are, she's told what the penalties are, she's told that she's not going to cross-examine witnesses or confront witnesses. That's true even in a stipulated bench trial proceeding. So what we have here is a client who, because of her lawyer's lack of knowledge, the trial judge's lack of knowledge, the absence of any indication that she understood the consequences, we have a defendant who unwittingly forfeited the right to challenge a conviction in a case where there are a lot of questions about the nature of the state's evidence. And because she entered what was a guilty plea due to ineffective assistance, again, we're asking that her conviction be vacated and that it be sent back for new proceedings. Thank you very much. All right. We are adjourned.